TATE, guardian, *vs* GILBERT.

1. In an action, by a guardian, to recover money had and received to the use of his ward, by a former guardian, the right of the plaintiff to sue as such guardian, may well be plead by the defendant.

2. But in such action, under the general issue of *non-assumpsit*, the Court has no right, for want of profert of letters of guardianship, or of proof of the appointment of the plaintiff, as guardian, to direct the jury to find for the defendant.

3. A guardian generally, and legally appointed according to statute, may well maintain an action *in his own name*, for the use of his ward.

4. It seems, it would be otherwise, in cases where one sues as a mere *prochein ami*, or guardian *ad litem*.

This was an action of assumpsit, in Shelby County Court, and was instituted by James Tate, guardian of Sally M'Guire, a minor. The cause of action was monies received by the defendant, to and for the use of the plaintiff's ward.

The declaration averred the receipt of sundry sums of money, by the defendant, while before that time, exercising the duties of guardian to the said Sally; and contained the usual counts for money had and received, and upon an account stated; but did not make profert of the letters of guardianship.

On the trial, under the plea of non-assumpsit, a verdict was had in favor of the defendant.

In the progress of the cause, the plaintiff proved the indebtedness of the defendant, to Sally M'Guire, his ward; but introduced no evidence of his appointment, as guardian.

TATE, guardian, *vs* GILBERT.

The Court, on motion of the defendant's counsel, charged the jury to find for the defendant, on the ground that the letters, or other proof, of guardianship were not read to them. To this opinion of the Court, the plaintiff, by his counsel, excepted.

The said plaintiff now came, and for assignments of error, alleged—

*First*—The Court below erred in the charge to the jury, as stated in the bill of exceptions.

*Secondly*—The Court below erred, in requiring the production of letters of guardianship, after the defendant had pleaded to the merits of the action.

*Thirdly*—The Court below erred, in requiring the guardian to produce his authority to sue, on the trial, on plea of general issue.

*Fourthly*—The Court below erred in charging the jury, unconditionally, to find for the defendant.

*Fifthly*—The judgment was uncertain, both as to its effect, and the time it was rendered.

*Moody*, for the plaintiff in error. The point is clear. Where a party desires to object to the right of one to sue, he must plead in abatement.—2 Dal. 100; 6 Com. Dig. 314—318. After a plea in bar to the merits, a party can take no advantage like the one contended for here. The failure to make profert is relied on, but this objection comes too late.

As to the right of action.—A guardian is entitled to the possession of the ward's monies. He is the only one authorised, legally, to receive them; and therefore, he is the proper one to bring the action.— It is not so, with a mere *prochein ami*. The station of the latter is temporary—merely a fiction, enabling

a minor to sue—with a guardian, the appointment is general.

*Ellis*, contra. It can not be said, we should have demurred for want of profert of letters—that was an objection only available on special demurrer, which is abolished from our practice. So, the defendant had no mode to contest the authority of the plaintiff to sue, other than that pursued.

The action is not commenced in such form, as that a benefit ever can accrue. Under the form commenced, the plaintiff, as I contend, never can recover—the ward has the legal interest in the money demanded, and not the plaintiff. Under these circumstances, the Court will not reverse, although the court below may *partially* have erred. 1 Chit. P.259; 2 ib. 31; 2 Saund. 117, f. note 1.

SAFFOLD, J.—The action was assumpsit by the plaintiff, as the guardian of Sally M'Guire, a minor, for money had and received by the defendant, for the use of the said Sally as her prior guardian, and which money he, the said defendant, after the appointment of the plaintiff, undertook and promised to pay to him, as guardian aforesaid. The declaration contains no profert of the letters of guardianship. A trial was had on the general issue of non-assumpsit.

The bill of exceptions shows, that the plaintiff proved the indebtedness of the defendant to his ward, as charged, but introduced no proof of his appointment as guardian.—That in this state of the case, on motion of the defendant's counsel, the Court charged the jury to find for the defendant, on the ground,

that the letters, or other proof, of guardianship ought to have been read to them.

This instruction of the Court, is assigned as erroneous, and is the only matter of exception worthy of notice.

Under the English practice, a failure to make profert of letters testamentary, or of administration, can only be taken advantage of by special demurrer, and if not so demurred to, it is held, under their statute of jeofails, that the defect is waived.

The same principle has, in several cases, been recognised by this Court, both before and since the statute, which provides, that no demurrer, in this State, shall have any other effect than that of a general demurrer.

It is contended, however, in favor of the opinion below, that, as the defendant is not now at liberty to demur, for this omission, he has a right to require proof of the appointment on the trial. But this is not conceived to be a necessary consequence of the practice, in relation to the profert. The situation of the defendant must be the same that it was with us, before the disallowance of special demurrers, and where the defendant had failed to demur.

I doubt not the right of the defendant to plead this matter as a disability to the plaintiff's right of action; and where his right to represent his ward, is thus put in issue, unless he make legal proof of his appointment, he can not recover. But, in the absence of such issue, or any plea, apprising the plaintiff that his right to represent the interest in question, will be contested, the proof is not necessary.

It is contended, also, for the defendant, that if there

was error, in the instructions on this point, yet the record shows that the plaintiff had no right to recover, for the reason that he has made himself the plaintiff, as guardian, when, by law, the suit should have been in the name of the ward, as plaintiff, by her guardian; and therefore, as the result was correct, there can be no reversal.

Admitting this to be the only proper mode of declaring in a suit by a *prochien ami*, or a mere guardian *ad litem*, appointed or recognised by the Court in which the suit may be brought, it is not a necessary consequence, that the same mode of declaring must be resorted to, when the action is by a general guardian, legally appointed, according to statute, as the representative of the minor, in all respects; such are placed substantially on the footing, in this respect, of executors and administrators: not so, in the case of a *prochein ami*, or special guardian—in these latter cases, the legal interest is supposed to reside in the minors, and their friends, for want of a general legal representative, a repermitted to prosecute for them, and to stand responsible for costs.

The judgment must be reversed, and the cause remanded.